UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

JORGE R. PEREZ SOTO, JR.,

                                        Plaintiff,

        -against-

ASSIGNED COUNSEL DEFENDERS' PLAN OF
NASSAU COUNTY, JOSEPH A. LOPICCOLO, Esq.,
HESSION, BECKOFF AND LOPICCOLO, LLP, and
MADELINE SINGAS,[1] Acting Nassau County District
Attorney,

                                        Defendants.

--------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND
ORDER**
14–CV–2744 (JMA) (AKT)

**FILED
CLERK**

2/12/2016 3:17 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

APPEARANCES:

Jorge R. Perez Soto, Jr.
        *Pro se Plaintiff*

Thomas Lai
Nassau County Attorney Office
1 West Street
Mineola, NY 11501
516-571-6074
        *Attorney for Assigned Counsel Defenders' Plan of Nassau County and Madeline Singas*

Nicole Feder
L'Abbate Balkan Colavita & Contini LLP
1050 Franklin Avenue
Garden City, NY 11530
516-837-7427
        *Attorney for Joseph A. LoPiccolo and Hession, Beckoff and LoPiccolo LLP*

**AZRACK, United States District Judge:**

        On April 28, 2014, incarcerated *pro se* plaintiff Jorge R. Perez Soto, Jr. ("plaintiff")

commenced this action against Assigned Counsel Defenders' Plan of Nassau County ("Defenders'

---

[1] Plaintiff originally named District Attorney Kathleen Rice as a defendant; however, Rice no longer holds the position of District Attorney of Nassau County.  Madeline Singas is serving as Acting District Attorney.  The Court has automatically substituted Singas as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  For the sake of consistency, the Court will replace all references to Rice with Singas.

1

Plan"), Joseph A. LoPiccolo ("LoPiccolo"), Hession, Beckoff, and LoPiccolo, LLP ("HBL"), and

Madeline Singas, Nassau County District Attorney ("DA Singas") (collectively, "defendants")

pursuant to 42 U.S.C. § 1983 ("§ 1983").  Plaintiff alleges that defendants violated, and conspired

to violate, plaintiff's due process rights under both the United States Constitution and the New

York State Constitution.  Plaintiff further alleges that LoPiccolo and HBL committed legal

malpractice in the course of representing plaintiff.

Defenders' Plan and DA Singas now move to dismiss the complaint for failure to state a

claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  LoPiccolo and HBL, in a separate

motion, move to dismiss the complaint for failure to state a claim, or in the alternative, ask the

Court to convert the motion to a motion for summary judgment pursuant to Federal Rule of Civil

Procedure 56(c).  For the reasons set forth below, the Court grants both motions to dismiss and

declines to exercise supplemental jurisdiction over plaintiff's state law claims.

## I.    BACKGROUND

The following facts are taken from plaintiff's complaint and assumed to be true for the

purposes of this motion.[2]

On April 7, 2014, plaintiff was arrested in Nassau County and charged with a criminal

offense.  (Compl. ¶ 11, ECF No. 1.)  On April 9, 2014, LoPiccolo, a partner at HBL and a member

of the Defenders' Plan, was appointed to represent plaintiff, pursuant to New York County Law

Article 18-B.  (Id. ¶¶ 5, 6, 12.)  Once appointed, LoPiccolo and the District Attorney's office

executed a waiver of plaintiff's right to a felony exam, speedy grand jury presentment, and speedy

---

[2] In accordance with Magistrate Judge Kathleen Tomlinson's March 4, 2015 Order, plaintiff submitted a narrative statement with three exhibits.  (Min. Entry Mar. 4, 2015, ECF No. 36; Narrative Stmt., ECF No. 40.)  The narrative statement does not contain any additional material that helps plaintiff; therefore, the Court does not consider the narrative statement.

trial. (Id. ¶ 13–14, 19.)   Plaintiff did not sign this waiver. (Id. ¶ 14.)  Plaintiff alleges that LoPiccolo and the prosecutor executed this waiver without plaintiff's knowledge or consent. (Id.) When plaintiff confronted LoPiccolo about the waiver, LoPiccolo responded that he had waived those rights:  "Cause I'm your lawyer; and you're a criminal, a convicted felon." (Id. ¶ 17.) Plaintiff then fired LoPiccolo as his attorney. (Id. ¶ 18.)  As a result of the waiver, plaintiff's criminal case was moved from "the District Court . . . to the County Court." (Id. ¶ 19.)

On April 28, 2014, plaintiff filed the instant action alleging that LoPiccolo, HBL, DA Singas, and Defenders' Plan engaged in a conspiracy to violate, and did violate, his right to due process under the United States Constitution and New York State Constitution when they waived his right to a felony exam, a speedy grand jury presentment, and a speedy trial, without his authorization. (Id. ¶¶ 21–22.)  Plaintiff further alleges that in waiving those rights, LoPiccolo and HBL committed legal malpractice. (Id. ¶ 23.)  Plaintiff seeks declaratory and injunctive relief from all defendants, and monetary relief in the amount of $3,000,000.00 from Defenders' Plan, LoPiccolo, and HBL. (Id. ¶ VI.)

Defendants served their respective motions on plaintiff between August and September 2014. (See Mots. to Continue, ECF Nos. 35, 37.)  On March 13, 2015, the Court explicitly warned plaintiff that his failure to oppose defendants' motions could result in the Court considering those motions unopposed. (Mar. 13, 2015 Order.)  To date, plaintiff has not responded to either motion or the Court's Order; therefore, this motion is deemed unopposed.

## II.    DISCUSSION

### A.  Motion to Dismiss Standard

For purposes of a motion to dismiss, the court assumes the truth of all allegations contained in the complaint and draws all reasonable inferences in plaintiff's favor. See Cleveland v. Caplaw

Enters., 448 F.3d 518, 521 (2d Cir. 2006); Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, plaintiff must allege sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." Iqbal, 556 U.S. at 678.

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted). However, when a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the court should not hesitate to dismiss his claim. See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997).

Where, as here, "the motion to dismiss is unopposed, the [plaintiff's] failure to oppose does not, by itself, justify dismissal." Simon v. N.Y.C. Dep't of Corr., No. 12–CV–8624, 2013 WL 4792840, at *2 (S.D.N.Y. Aug. 29, 2013). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Goldberg v. Danaher, 599 F.3d 181, 184 (2d Cir. 2010).

## B. Section 1983 Due Process Claims for Damages

In order to sustain a claim for relief under § 1983, "a plaintiff must allege (1) that the challenged conduct was committed by a person acting under color of state law, and (2) that such

conduct deprived [the plaintiff] of rights, privileges, or immunities secured by the constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). "[T]he under-color-of-state-law element of [§] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). To determine whether someone is acting under the color of state law, "the court is to consider 'the extent to which the actor relies on governmental assistance and benefits . . . ; whether the actor is performing a traditional governmental function . . . ; and whether the injury caused is aggravated in a unique way by the incidents of governmental authority.'" LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 433 (2d Cir. 1995) (quoting Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991)).

### 1. Defenders' Plan

Plaintiff's § 1983 due process claim against Defenders' Plan fails as a matter of law because Defenders' Plan is not a state actor. "A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Brown v. Legal Aid Soc., 367 F. App'x 215, 216 (2d Cir. 2010) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)); Sash v. Rosahn, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . ." (citing Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997))); Murdock v. Legal Aid Society, No. 14–CV–508, 2015 WL 94245, at *2 (E.D.N.Y. Jan. 6, 2015) (dismissing plaintiff's § 1983 claims against Defenders' Plan and Legal Aid Society). Here, Defenders' Plan members are court-appointed attorneys who were performing the traditional functions of counsel. Therefore, Defenders' Plan motion to dismiss plaintiff's § 1983 due process claim is granted.

### 2.  LoPiccolo and HBL

It is well settled that private attorneys and law firms do not act under the color of state law and are not state actors for purposes of § 1983.  Harrison v. New York, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015).  Therefore, LoPiccolo and HBL's motion to dismiss is granted.  Even if LoPiccolo and by association HBL, were considered Defenders' Plan employees through their membership, as discussed *supra*, plaintiff's due process claim would still fail.

## C.  Section 1983 Conspiracy Claims for Damages

Plaintiff asserts that defendants conspired to violate plaintiff's rights by waiving plaintiff's rights to "a Felony Exam, Speedy Grand Jury Presentment and Speedy Trial."  (Compl. ¶ 13.) Plaintiff's conspiracy claims fail to state a plausible claim.  To prove a Section 1983 conspiracy, a plaintiff must show:  "1) an agreement between a state actor and a private entity; 2) to act in concert to inflict an unconstitutional injury; and 3) an overt act done in furtherance of that goal causing damages."  Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 313 (2d Cir. 2002).  Although a plaintiff can establish that a private party acts under color of state law by conspiring with a state actor to commit an unconstitutional act, "mere[] conclusory allegation[s] that a private entity acted in concert with a state actor does not suffice to state a section 1983 claim against the private entity." Id. at 324.  Further, "the Second Circuit has noted, generalized allegations of conspiracy 'ring especially hollow' where . . . the parties alleged to be part of the same conspiracy have an 'adversarial relationship.'"  Nealy v. Berger, No. 08–CV–1322, 2009 WL 704804, at * 7 (E.D.N.Y. Mar. 15, 2009) (quoting Ciambriello, 292 F.3d at 324).

Here, the Court finds that plaintiff did not sufficiently plead a conspiracy under § 1983. Plaintiff has failed to articulate any allegations that would plausibly suggest that LoPiccolo, HBL, and Defenders' Plan (collectively, the "defense attorneys") conspired with their adversary, the

prosecutor, to violate plaintiff's rights to due process.  Plaintiff's conclusory allegations of a conspiracy, without more, are insufficient to withstand a motion to dismiss.  Notwithstanding the latitude afforded a *pro se* complaint, plaintiff fails to allege any facts supporting an inference that the defense attorneys colluded with the prosecutor.  "While plaintiff's allegations might support a state law malpractice action against his former defense attorneys, they do not support a federal court's exercise of jurisdiction under Section 1983."  Braxton v. Brown, No. 96–CV–187, 1997 WL 43525, at *3 (E.D.N.Y. Jan. 28, 1997) (dismissing plaintiff's conspiracy claim as conclusory where plaintiff inadequately alleged that his defense counsel conspired with the District Attorney to waive plaintiff's right to testify before the Grand Jury with an unsigned notice); Nealy, 2009 WL 704804, at *6–7 (dismissing conspiracy claim for failure to state a claim against plaintiff's criminal defense counsel who allegedly "conspired with the prosecutor when he waived plaintiff's rights" in violation of an earlier request to preserve those rights).  Accordingly, plaintiff's conspiracy claims against the defendants are dismissed.

## D.  Declaratory and Injunctive Relief for Alleged Violations of Section 1983

Plaintiff seeks declaratory and injunctive relief regarding defendants' alleged "practice, policy or custom . . . [of] unilaterally waiving a criminal defendants rights" without consent in violation of due process and speedy trial rights under the United States Constitution.  (Compl. ¶¶ A, B.)

DA Singas is entitled to absolute immunity from plaintiff's federal damages claims; however, this immunity does not extend to plaintiff's request for declaratory and injunctive relief against her.  See Shmeuli v. City of New York, 424 F.3d 231, 239 (2d Cir. 2005) (stating that an official's entitlement to absolute immunity from a claim for damages does not bar the court from

granting injunctive relief or other equitable relief against an official). Nevertheless, plaintiff's claims for declaratory and injunctive relief fail on a different ground.

When seeking declaratory and injunctive relief, plaintiff has the burden of establishing a likelihood that he will be injured in the future—he cannot rely on past injury. See Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) ("[Plaintiff] failed to demonstrate a likelihood of future harm and therefore, even if he was subjected to an official policy, he lack[ed] standing to seek injunctive relief."); Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998). "[A]bstract injury is not enough; rather, [t]he injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Shain, 365 F.3d at 215 (quoting O'Shea v. Littleton, 414 U.S. 288, 494 (1974) (internal quotation marks omitted)). Here, any potential future injury to plaintiff is speculative. Accordingly, plaintiff's claims for declaratory and injunctive relief against all defendants premised on alleged violations of § 1983 are dismissed.

## E. Leave to Amend

"Where a *pro se* complaint read liberally 'gives any indication that a valid claim might be stated,' a district court "should not dismiss without granting leave to amend at least once[.]'" Mitchell v. New York City Police Dept., No. 10–CV–3201, 2010 WL 5313531, at *4 (E.D.N.Y. Dec.17, 2010) (alteration in original) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)). Courts have granted leave to amend even when the plaintiff has failed to file an opposition to the motion to dismiss. Id. at *1, *4. Nonetheless, courts may deny leave to replead a claim where any amendment would be futile. Herbert v. Delta Airlines, No. 12–CV–1250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014); Cuoco, 222 F.3d at 112. Here, plaintiff's § 1983 claims, other than the § 1983 conspiracy claims and claims for declaratory and injunctive relief, fail as a matter of law and any attempt to replead those claims would be futile. Accordingly, the Court will

8

not give plaintiff the opportunity to replead these claims.  See Cuoco, 222 F.3d at 112 (dismissing

plaintiff's claims with prejudice and denying leave to amend because the complaint was dismissed

on substantive grounds and any further amendments would not cure the defect and were therefore

futile).  However, the Court grants plaintiff leave to file an amended complaint regarding plaintiff's

§ 1983 conspiracy claims and plaintiff's claims for declaratory and injunctive relief.

### III.    CONCLUSION

For the reasons set forth above, defendants' motions to dismiss are granted.  Plaintiff's §

1983 claims, other than the § 1983 conspiracy claims and the claims for declaratory and injunctive

relief, are dismissed with prejudice.  Plaintiff has thirty (30) days to file an amended complaint

regarding the § 1983 conspiracy claims and claims for declaratory and injunctive relief pursuant

to § 1983.  If plaintiff fails to file an amended complaint within thirty days, the Court will: (1)

dismiss those federal claims with prejudice; and (2) decline to exercise supplemental jurisdiction

over plaintiff's state law claims and dismiss those claims without prejudice, see 28 U.S.C. §

1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if

. . . the district court has dismissed all claims over which it has original jurisdiction.").


**SO ORDERED.**

Date:   February 12, 2016
        Central Islip, New York


                                        ___/s/ (JMA)_____
                                        Joan M. Azrack
                                        United States District Judge

9